# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>AVI JITENDRAKUMAR PATEL,<br>Defendant. | CASE NO: **1:23-MJ-1001**<br><br><br>**DETENTION ORDER** |

The defendant poses a serious risk of flight if released.  He has been charged with a money laundering conspiracy in violation of 18 U.S.C. § 1956(h).  On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f).  The court concludes the defendant must be detained pending trial.

Based on the information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a serious risk of nonappearance at court proceedings.

In addition to the reasons more particularly stated on the record in open court at the detention hearing, the court finds that the circumstances of the alleged instant offense and the defendant's actions surrounding his apprehension demonstrate he is a serious flight risk.  The government proffered that the defendant is alleged to be an organizer of an India-based conspiracy that has deprived elderly citizens of their savings by posing as legitimate law enforcement.  The conspiracy is alleged to have stolen tens of millions of dollars, and in furtherance of that conspiracy the defendant posed as a law enforcement officer to pick up cash or gold from victims.  Millions of dollars are still unaccounted for and could facilitate the defendant's flight from the court's jurisdiction.  The defendant is alleged to have texted a co-conspirator to "run" when actual law enforcement officers intervened during a meeting between co-conspirators.  When the defendant was arrested by the FBI, he fled to avoid apprehension and had to be tackled by law enforcement. The defendant is not a U.S. citizen, and his immigration status has not been verified.  Conditions which restrict the defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor the defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the

United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated December 8, 2023

BY THE COURT: *s/Karen L. Litkovitz*